IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONI J. HAGAN,

         Plaintiff,

vs.                                    Case No. 11-1131-JTM

CREDIT UNION OF AMERICA & MEMBER
MORTGAGE SERVICES,

         Defendants.

MEMORANDUM AND ORDER

    Before the court are Credit Union of America's Motion to Dismiss (Dkt. No. 12) and Member Mortgage Services Motion to Dismiss (Dkt. No. 16). The plaintiff, Toni J. Hagan, has also filed a Motion to Extend Time for Service: Good Cause for Failure (Dkt. No. 13) and a Motion for Court to Stay or Leave Defendant's Motion to Dismiss (Dkt. No. 22). For the following reasons, the court denies the defendants' motions, grants Ms. Hagan's Motion to Extend, and denies her Motion to Stay.

    Ms. Hagan filed her Original Complaint on May 12, 2011. On August 31, 2011, without having served either defendant, she filed an Amended Complaint (Dkt. No. 8). Thereafter, she personally mailed a copy of the Original Complaint and the Amended Complaint to Credit Union and Member Mortgage. Both defendants have now moved to dismiss under Fed. R. Civ. P. 12(b)(2),

(4), and (5).[1]

Because Ms. Hagan is proceeding pro se, this court construes her arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). But a pro se litigant is not excused from complying with the Federal Rules of Civil Procedure, and will be subject to the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**I. Ms. Hagan Failed to Properly Serve Defendants Because She Did Not Provide A Copy of the Summons**

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4. *See Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010). The plaintiff has the burden of showing by a preponderance of the evidence that jurisdiction is proper. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Taylor v. Osawatomie State Hosp.*, No. 07-2346, 2008 WL 2891011, at *1 (D. Kan. July 24, 2008).

Federal Rule of Civil Procedure 4(h) provides that a corporation may be served in the manner provided for service on an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). Service for an individual under Rule

---

[1] Credit Union only cites Fed. R. Civ. P. 12(b)(5) as a grounds for dismissal. But it also argues Ms. Hagan failed to serve a copy of the summons. Thus, the court will also consider Credit Union's motion as one under 12(b)(4).

2

4(e) includes any method allowed under state law "where the district is located or where service is made." FED. R. CIV. P. 4(e)(1). Under Kan. Stat. Ann. § 60-304(e) service may be made on a corporation by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
> Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.

*Id.* Generally, a motion under Rule 12(b)(4) constitutes an objection to the form of process or the content of the summons rather than the method of its delivery. *See Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citing *Blue Ocean Lines v. Universal Process Equip., Inc.*, No. 93 Civ. 1722(SS), 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993)).

Ms. Hagan served Credit Union a copy of the Complaint and Amended Complaint on September 12, 2011, and served Member Mortgage on September 9. But both Credit Union and Member Mortgage have provided sworn affidavits from a vice-president and president that neither received a copy of the summons. The envelope sent contained a copy of the Complaint and Amended Complaint only. Under Rule 4(c)(1) "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." "[I]f the attempted service did not include a summons, service is 'not merely irregular or defective but [is] a nullity.'" *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (citing *Cook v. Cook*, 32 Kan. App.2d 214, 222, 83 P.3d 1243, 1248 (2003)). Because Ms. Hagan

failed to serve a copy of the summons with the Complaint on either Credit Union or Member Mortgage, the attempted service "is a nullity." *See id.* Further, the docket sheet does not show that Ms. Hagan has corrected her defect in service. "Because no summons has been issued, plaintiff could not have properly served defendant with the summons and a copy of the complaint." *Quarles v. Williams*, No. 04-2101, 2004 WL 2378840, at *1 (D. Kan. Oct. 21, 2004). Therefore, Ms. Hagan's attempted service is defective.

**II. The Court Grants Ms. Hagan a Permissive Extension of Time to Serve Defendants a Copy of The Summons and to Otherwise Effect Proper Service**

Ms. Hagan could correct her mistake if she served a copy of the summons before the time limit in Rule 4(m). This Rule provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Because Ms. Hagan has failed to effect proper service within 120 days, this court proceeds to the good-cause analysis.[2] The Tenth Circuit has established a two-step test for evaluating Rule 4(m) questions. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The first question is "whether the plaintiff has shown good cause for the failure to timely effect service." *Id.* If so, the plaintiff is entitled to a mandatory extension of time. *Id.* Second, if the plaintiff has failed to show

---

[2]Ms. Hagan filed her Original Complaint on May 12, 2011, and her Amended Complaint on August 31. But she also filed a Motion for Leave to Proceed in Forma Pauperis (Dkt. No. 3). The court denied this motion on July 8, and gave her until August 1, to pay the filing fee. Although Rule 4 requires a plaintiff to serve a defendant within 120 days after a complaint is filed, a civil suit is not commenced until the plaintiff files the complaint and pays the required filing fee of $350. Ms. Hagan's case did not commence until she paid the filing fee on August 1, as ordered by this court. Thus, defendants' are incorrect that the 120-day time period ran in September. Nevertheless, she failed to effect service before the required date—November 28, 2011.

good cause, the district court may exercise its discretion and allow an extension of time, or it may dismiss the case without prejudice. *Id.* Here, Ms. Hagan only argues, based on unsworn statements in her response brief, that the defendants received a copy of the summons. Her unsworn testimony is insufficient to dispute defendants' sworn affidavits showing they did not receive a copy of the summons. The Tenth Circuit has interpreted the "good cause" standard of Rule 4(m) narrowly. *See In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996). Thus, Ms. Hagan has not shown good cause for a mandatory extension of time.

The court must now decide whether a permissive extension is warranted. "In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the action." *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp.2d 1267, 1275 (D. Kan. 2011) (citing *Mehus v. Emporia State Univ.*, 295 F. Supp.2d 1258, 1273-74 (D. Kan. 2004). Two of the factors weigh in favor of Ms. Hagan. Both Credit Union and Member Mortgage were on notice of the lawsuit, and no evidence suggests the delay has prejudiced either defendant. On the other hand, it is likely that Ms. Hagan could refile her case if this court dismissed without prejudice because there do not appear to be any statute of limitations problems. Nevertheless, dismissal is too harsh for these minor problems in service. Ms. Hagan, who is pro se, attempted to serve defendants by mailing a copy of the Original and Amended Complaints. She forgot to attach the summons. As such, this court exercises its discretion to allow her a permissive extension of time to serve properly both Credit Union and Member Mortgage. Ms. Hagan is directed to serve them by January 17, 2012. If she fails to do so, this case will be dismissed.

Defendants also argue this case must be dismissed because Ms. Hagan mailed copies of the Complaint and Amended Complaint herself, in violation of Rule 4(c)(2). This Rule provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). This Rule specifically limits who may serve process, and disallows "a party" from serving a summons or complaint. *See id.* And the Tenth Circuit has stated "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010). Thus, under the federal rules, Ms. Hagan's service is improper because she mailed the Complaint and Amended Complaint herself. *See* Dkt. Nos. 9 and 10. But she may serve process herself if it is allowed under Kansas law. *See* FED. R. CIV. P. 4(e)(1). Under Kansas law, a party may "undertake responsibility for service." KAN. STAT. ANN. 60-303(b) (2010) ("*Who serves process*. The sheriff of the county in which the action is filed must serve any process by any method authorized by this section, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service."); *see also Sheldon v. Tara Khanal*, No. 07-2112, 2007 WL 4233628, at *19 (D. Kan. Nov. 29, 2007). Here, Ms. Hagan effected service by mailing the Complaint and Amended Complaint herself. Nothing on the docket sheet, however, indicates that she notified the clerk of her intention to undertake responsibility of service. This is sufficient grounds to grant the defendants' motions. But this court has discretion under Rule 4(m) to grant her a permissive extension of time to effect proper service. For the same reasons noted above, the court allows Ms. Hagan until January 17, 2012, to correct this defect in her service. If she fails to do so, this case will be dismissed.

IT IS ACCORDINGLY ORDERED this 22nd day of December 2011, that Credit Union of America's Motion to Dismiss (Dkt. No. 12) and Member Mortgage Services Motion to Dismiss (Dkt. No. 16) are denied.

IT IS FURTHER ORDERED that plaintiff's Motion to Extend Time for Service: Good Cause for Failure (Dkt. No. 13) is granted. Plaintiff shall serve properly both defendants by January 17, 2012. If she fails to do so, this case will be dismissed.

IT IS FURTHER ORDERED that plaintiff's Motion for Court to Stay or Leave Defendant's Motion to Dismiss (Dkt. No. 22) is denied as moot.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE